# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  24-cr-80067-Rosenberg/Reinhart

**UNITED STATES OF AMERICA**

**v.**

**CHARLES LEWIS VORPAGEL,**

**Defendant.**

_____/

### GOVERNMENT'S NOTICE AND MOTION TO INTRODUCE EVIDENCE PURSUANT TO RULE 404(b)

The Government, by and through the undersigned Assistant United States Attorney, hereby files this Notice and Motion to Permit the Introduction of Certain Evidence Pursuant to Federal Rule of Evidence 404(b). In support thereof, the Government states as follows:

### INTRODUCTION

The Defendant is charged with (1) Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); (2) Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). The Government seeks to introduce some of the Defendant's prior convictions at trial, including: (1) Possession of a Firearm and Ammunition by a Convicted Felon; and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Offense. The Government submits that the Defendant's prior convictions are necessary and admissible to prove the Defendant had the intent, knowledge, and lack of mistake, to knowingly possess a firearm here.

## FACTUAL BACKGROUND

In April 2024, law enforcement observed the Defendant engaging in what appeared to be several drug-related activities. On May 6, 2024, law enforcement received information that the Defendant intended to commit suicide. Law enforcement then located the Defendant driving a vehicle which he then parked in a shopping plaza located in Jupiter, Florida. Knowing that the Defendant's driver's license was suspended, law enforcement arrested the Defendant. Thereafter, an inventory search of the Defendant's vehicle was conducted in which narcotics were found. Law enforcement subsequently executed a search warrant at the Defendant's residence where they located firearms and narcotics.

## ARGUMENT

The United States intends to admit at trial the Defendant's following convictions:

    a.  Case No. 17-CR-80098-001 of Possession of a Firearm by a Convicted Felon, with an offense and arrest date of February 2, 2017, and

    b.  Case No. 17-CR-80098-001 of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, with an offense and arrest date of February 2, 2017.

These convictions are offered to show intent, knowledge, and lack of mistake, to knowingly possess a firearm, and to establish the element of knowledge of the Defendant's prohibited status under the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019).

1. **The *Beechum* Test's Three Elements**

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show action in conformity therewith. Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* The seminal case of *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), cert denied,

440 U.S. 920 (1979), later elaborated on by the Eleventh Circuit in *U.S. v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc), set forth the three-prong test for admissibility of other crimes, wrongs, or acts under Rule 404(b). Under the *Beechum* test, the evidence (1) must be relevant to an issue other than the defendant's character; (2) the probative value of the evidence cannot be substantially outweighed by undue prejudice and must meet other requirements of Fed. R. Evid. 403.8; and (3) there must be sufficient proof so that a jury could find by a preponderance of the evidence that the defendant committed the extrinsic act. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)).

In *Beechum*, the court noted that the test for evaluating 404(b) evidence would vary depending on the issue for which it was offered. *Id.* at 911-12 n.15. Here, the Government offers the 404(b) evidence to prove intent, knowledge, and absence of mistake.

a.  **Element 1: Relevancy Other Than Character**

The evidence is relevant to an issue other than the Defendant's character in this case, thus the first prong of the *Beechum* test of admissibility is met. The Eleventh Circuit has found that there is "[a] logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." *United States v. Perrier*, 619 Fed. Appx. 792, 796 (11th Cir. 2015) (unpublished) (quoting *United States v. Jernigan*, 341 F.3d at 1273, 1281 (11th Cir. 2003)). Therefore, "the fact that [the defendant] knowingly possessed a firearm on a previous occasion makes it more likely that he knowingly did so this time as well, and not because of accident or mistake" *Id.* (quoting *Jernigan*, 341 F.3d at 1282 (emphasis omitted)). "[B]y pleading not guilty, [a defendant] place[s] th[e] [knowledge] element of the §922(g) offense in issue." *Jernigan*, 341 F.3d at 1281 n.7. A defendant's prior interactions with

firearms may demonstrate that the charged firearm possession was not 'for an innocent purpose' or a 'mere accident or coincidence.' *United States v. Mitchell*, No. 22-12084, 2023 WL 3620913, at *4 (11th Cir. 2023) (citing *United States v. Gomez*, 927 F.2d 1530 (11th Cir. 1991)).

Moreover, "when a defendant does not admit or stipulate to knowingly and intentionally possessing a firearm as a felon, the government may seek to admit evidence of a prior knowing possession of a firearm to prove the *mens rea* element of the offense." *Id.* (citing *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005)). In the absence of a stipulation to such by the defense, this evidence is even more necessary than probative in view of the government's obligation to establish knowledge of the disabling characteristic under *Rehaif*.

It is well-settled law in this Circuit that "a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998)). "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *United States v. Dorsey,* 819 F.2d 1055, 1059 (11th Cir. 1987). Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the *Beechum* test is satisfied. *Id.*

To establish relevance under the first prong of the test, the issues addressed by the extrinsic act evidence must be similar to those presented by the charged offense, and there must exist sufficient proof by which the jury could conclude that the defendant committed the extrinsic acts. *United States v. Roe*, 670 F.2d 956, 967 (11th Cir. 1982), *cert. denied*, 459 U.S. 856 (1982). Where, as here, knowledge and intent on the part of the defendant are key issues likely to be contested,

extrinsic act evidence is relevant and likely to be admitted over Fed. R. Evid. 403 objections. *See Beechum*, 582 F.2d at 911-12 (where a letter carrier charged with stealing from the mail, evidence that, at the time of his arrest, he was in possession of two credit cards apparently stolen from the mail several months earlier was found admissible on the issues of intent and knowledge, even though he was not charged regarding the credit cards); *see also United States v. Boon San Chong*, 829 F.2d 1572, 1576 (11th Cir. 1987) (evidence of a prior home invasion by the defendant was admissible at trial on the charge of extortion, where the charged offense involved a home invasion, such extrinsic act evidence being probative on the issue of defendant's state of mind); *United States v. Parr*, 716 F.2d 796, 804-05 (11th Cir. 1983) (evidence of prior credit card scam admissible at trial on charge of counterfeiting where similar intent to defraud).

**b.  <u>Element 2:  The Evidence is More Probative than Prejudicial</u>**

The probative value of admitting the Defendant's prior convictions is not substantially outweighed by the danger of unfair prejudice. To determine whether evidence is more probative than prejudicial, "courts should conduct a common-sense assessment of the circumstances of the extrinsic offense, 'including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness.'" *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (citing *United States v. Beechum*, 582 F.2d 898, 914-15 (5th Cir. 1978) (en banc)).

Here, the extrinsic offenses sought to be introduced under Rule 404(b) are essentially identical to the charged offenses, that is, they all involve the knowing possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug trafficking offense. *See United States v. Johnson*, 615 Fed. Appx. 582, 586 (11th Cir. 2015) ("[A] convicted felon's knowing possession of a firearm at a previous time is relevant to whether his possession of a firearm at a

later time is knowing rather than mistaken or accidental."); *United States v. Cassell*, 292 F.3d 788, 793 (D.C. Cir. 2002) (in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged); *United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir. 1995) (holding that prior possession of a firearm is admissible to show knowledge in prosecution for knowingly possessing a similar weapon); *United States v. Pelusio*, 725 F.2d 161, 167-68 (2nd Cir. 1983) (holding that the introduction of evidence of previous instances in which the defendant had been present in an automobile with a shotgun were admissible "under Fed. Rules of Evid. 404(b) to show that his presence in the car with the shotgun [on the occasion in question] was intentional and not a mistake or accident"); *Beechum*, 582 F.2d at 913 (5th Cir. 1978) ("Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under Rule 404(b)."). The Government must prove the Defendant's knowledge of the firearm, and his prior convictions constitute essential evidence to prove that element.

In addition to factual similarity, courts applying the third prong of the *Beechum* test consider the temporal relationship between the crimes. *See United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). Here, there is an acceptable time gap between the instant charged May 6, 2024 offense, and the Defendant's 2017 convictions. This seven-year gap is well within the time period found acceptable by the Eleventh Circuit for the admission of such 404(b) evidence. *See United States v. Gil*, 581 Fed. Appx. 766 (11th Cir. 2014) (finding 17-year-old conviction admissible under 404(b)); *United States v. Floyd*, 522 Fed. Appx. 463, 467 (11th Cir. 2013) (14-year gap between Floyd's prior conviction and his current offense did not preclude the admission

of his prior conviction); *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (15-year span did not render extrinsic prior drug conviction acts too remote for proper consideration); *United States v. James*, 147 Fed. Appx. 76, 81 (11th Cir. 2005) (16-year-old prior drug conviction was not so remote that probative value was substantially outweighed by danger if unfair prejudice).

Moreover, the Defendant was incarcerated for a significant time during that intervening gap period, which the Eleventh Circuit has previously found diminishes the significance of the intervening time period. *See United States v. LeCroy*, 441 F.3d 914, 926 (11th Cir. 2006) (the significance of the ten-year time period between the previous and instant crimes is diminished because LeCroy was incarcerated for most of that time, and because the instant crime was committed approximately six weeks after his release from prison).

Finally, the Eleventh Circuit has further observed that "any prejudicial effect from admission of [such] conviction[s] [can be] mitigated by court's limiting instructions" as the specific use of such evidence. *James*, 147, Fed. Appx. at 81 (citing *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993)); *see also Floyd*, Fed. Appx. at 466 ("We have held that Rule 404(b) evidence is especially probative when the government lacks credible witnesses to testify as to a defendant's intent to distribute, and when defendant's defense relies on mere presence or 'non-participation.' Further, any unfair prejudice by admitting extrinsic evidence is mitigated by the issuance of a limiting instruction to the jury.").  Under these facts, the Defendant's recent prior convictions for the same crimes he is charged with are being submitted for a proper purpose and are more probative than prejudicial.

c.  **Element 3: The Defendant Committed the Extrinsic Acts**

Under the third prong of *Beechum*, there must be sufficient proof so that a jury could find by a preponderance of the evidence that the defendant committed the extrinsic act. *Beechum*, 582

F.2d at 913. Here, because certified copies of the Defendant's convictions are readily available, and can be tied to the Defendant, there can be no question as to identity. *See Huddleston v. United States*, 485 U.S. 681 (1988) (noting that the court can make this finding by determining whether a jury could find that the defendant committed the prior act). Therefore, the third prong of the *Beechum* test is fully satisfied.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully moves this Honorable Court to permit the introduction of the specific prior convictions outlined above as evidence in this trial pursuant to Federal Rule of Evidence 404(b).[1]

<div style="margin-left:40%">

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   s/ Adam C. McMichael_____
       ADAM C. McMICHAEL
       Assistant United States Attorney
       Court No. A5501637
       500 South Australian Avenue, Suite 400
       West Palm Beach, Florida 33401
       Tel: (561) 209-1040
       Adam.McMichael@usdoj.gov

</div>

---

[1]   USAO 2024 Summer Intern Rachel Rose contributed to the preparation of this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div align="right">

s/ Adam C. McMichael_____
ADAM C. McMICHAEL
Assistant United States Attorney

</div>

## **SERVICE LIST**

**Kristy Militello**
Federal Public Defender's Office
Southern District of FL
250 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
561-833-6288
Fax: 561-833-0368
Email: Kristy_Militello@fd.org
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: Public Defender Appointment